IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL A. HIMEBAUGH,

        Plaintiff,

   v.

MR. J. GIBLIN, Health Services
Manager at OSCI; and DR. PERUNN,

        Defendants.

Civil No. 07-6331-AS

ORDER TO DISMISS

KING, Judge.

    Plaintiff, a former inmate at the Oregon State Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS -

## BACKGROUND

Plaintiff alleges the following claim:

> I was transferred to OSCI from TRCI in August 16, 2006 when they transferred me the[y] left me in cuffs.
>
> By Sept 15, 2006 my hands go so bad I could not write. In fact the functionality of them has never improved. I reported it to Dr. Perunn and he told me it is MS. I then grievanced [sic] him for this and told him it is carpal tunnel I since had nerve surgery and carpal tunnel surgery.

By way of relief, Plaintiff seeks $10 million.

## STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

> (B) the action . . .
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274

2 - ORDER TO DISMISS -

(9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Lopez, 939 F.2d at 883; Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990).

In order to state a claim regarding the denial of adequate medical care, Plaintiff must allege that defendants were deliberately indifferent to Plaintiff's "serious" medical needs. Lopez, 203 F.3d at 1131; Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Deliberate indifference is shown only where an official "knows of and disregards an excessive risk of inmate health and safety...." Farmer v. Brennan, 511 U.S. 825, 835 (1994). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Doty, 37 F.3d at 546.

Here, Plaintiff makes no allegation that any prison officials were deliberately indifferent to a serious medical need. He further fails to describe how Defendant Giblin personally participated in the deprivation of any such medical care.

4 - ORDER TO DISMISS -

"Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>Ortez v. Washington County</u>, 88 F.3d 804, 809 (9th Cir. 1996). A supervisor is liable for the constitutional violation of his or her employee if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. <u>Taylor</u>, 880 F.2d at 1045. Plaintiff makes no such allegation as to Defendant Giblin. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983.

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that Plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 24th day of January, 2008.

　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　United States District Judge

5 - ORDER TO DISMISS -